# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1609

_____

United States of America,

*Plaintiff - Appellee*,

v.

Mark E. Pulsifer,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: January 11, 2022
Filed: July 11, 2022

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Mark Pulsifer pleaded guilty to one count of distributing at least fifty grams of methamphetamine. *See* 21 U.S.C. § 841. At sentencing, the district court[1] denied Pulsifer's request to be sentenced according to the sentencing guidelines without

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

regard to the statutory minimum penalty of 21 U.S.C. § 841(b). Pulsifer relied on 18 U.S.C. § 3553(f), which allows a court to sentence offenders who meet certain criteria below the otherwise applicable statutory minimum term of imprisonment. Pulsifer disputes the district court's ruling, but we conclude that he does not qualify for sentencing under § 3553(f), and therefore affirm the judgment of the district court.

Pulsifer pleaded guilty to distributing fifty grams or more of methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). Because Pulsifer committed the offense after he had sustained a final conviction for a prior serious drug felony, the statutory minimum penalty was fifteen years' imprisonment. *Id.* § 841(b)(1)(A)(viii). At sentencing, Pulsifer argued that he was eligible for a guideline sentence without regard to the statutory minimum based on § 3553(f).

The district court ruled that Pulsifer was ineligible for sentencing under § 3553(f) and did not apply the guideline range that would have governed if there were no statutory minimum. Instead, starting with the fifteen-year minimum, the court made an unrelated reduction under different authority and sentenced Pulsifer to 162 months' imprisonment. Pulsifer appeals, arguing that the district court erred in concluding that § 3553(f) was inapplicable. We review the district court's interpretation of the statute *de novo*.

To qualify for a sentence under the guidelines without regard to the statutory minimum, a defendant must satisfy each of the five subsections in § 3553(f). This appeal concerns only § 3553(f)(1), which requires the court to find that—

(1) the defendant does not have—

(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; and

(C) a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. § 3553(f)(1).

The statute calls for an inquiry into whether a defendant has certain prior "offenses" under the sentencing guidelines—a "1-point offense," a "prior 3-point offense," and a "prior 2-point violent offense." The guidelines, however, do not assign criminal history points based on a prior "offense," but tally them according to the length of "each prior sentence of imprisonment." *See* USSG § 4A1.1. A "prior sentence" means any sentence imposed for conduct that is not part of the instant offense of conviction. *Id*. § 4A1.2(a).

We have considered whether Congress meant to introduce a new concept of a "prior offense" that accrues criminal history points, but we think not. The statute requires an evaluation of whether a defendant has a particular prior offense "as determined under the sentencing guidelines." The only relevant determination available "under the sentencing guidelines" is whether to add a certain number of criminal history points based on a defendant's prior sentence. There is no separate determination under the guidelines that would assign criminal history points to a defendant's prior offense. If, for example, a defendant commits a felony offense for which a two-year sentence was imposed twenty years before the commencement of the instant offense, the number of criminal history points assigned is zero, because the sentence is outside the applicable time period. USSG § 4A1.2(e). There is no separate determination under the guidelines that would assign points to the old felony "offense." We therefore understand Congress to have used a form of common-sense shorthand in § 3553(f)(1) that incorporated the determinations of criminal history points under USSG § 4A1.1.

-3-

On this understanding, a defendant has a "prior 3-point offense" if the sentencing court is required to add three points under the guidelines for a prior sentence of imprisonment exceeding one year and one month. USSG § 4A1.1(a). A defendant has a "prior 2-point violent offense" if the court is required to add two points under the guidelines for a prior sentence of imprisonment of at least sixty days resulting from a conviction for a crime of violence that was not counted in § 4A1.1(a). *See id.* § 4A1.1(b); 18 U.S.C. §§ 16, 3553(g). In determining whether a defendant has at least four criminal history points, the court must exclude a prior "1-point offense"—that is, a prior sentence not counted in § 4A1.1(a) or (b). *See* USSG § 4A1.1(c).

The dispute on appeal is whether a defendant is eligible for a sentence below the statutory minimum if he does not have all three of the elements of criminal history enumerated in § 3553(f)(1), or whether a finding that the defendant has at least one of those three elements renders him ineligible. Pulsifer conceded that he had both (a) more than four criminal history points and (b) a prior three-point offense, as described in § 3553(f)(1)(A) and (B). But because he did not have a prior two-point violent offense as described in § 3553(f)(1)(C), Pulsifer maintained that he was eligible for a guideline sentence without regard to the statutory minimum. This is a new issue arising from amendments to § 3553(f) in the First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221.

A defendant qualifies under § 3553(f)(1) if he "does not have—" the criminal history points specified in (A), the prior offense listed in (B), *and* the prior offense listed in (C). The parties discuss whether "and" should be read conjunctively or disjunctively, but we do not believe that is the important question. The most natural reading of "and" is conjunctive—"along with or together with." *Webster's Third New International Dictionary* 80 (2002). Although the word is sometimes "ill chosen" and means "or" when considered in context, *see United States v. Fisk*, 70 U.S. 445, 447 (1865), we typically would not construe a statute to carry that nonliteral meaning

unless there were clear indications in the statute that dictate the result. *See* 1A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutes and Statutory Construction* § 21:14 (7th ed. 2021) ("[T]he words are not interchangeable, and their strict meaning should be followed when their accurate reading does not render the sense of the statute confusing and there is no clear legislative intent to have the words not mean what they strictly should.").

The important question here is in what sense the statute uses the word "and" in the conjunctive. When used as a conjunctive, the word "and" has "a distributive (or several) sense as well as a joint sense." *Garner's Dictionary of Legal Usage* 639 (3d ed. 2011). That is, the phrase "A and B" could mean "A and B, jointly or severally." *Id.*; *see* Scott J. Burnham, *The Contract Drafting Guidebook* 163 (1992). As applied to § 3553(f)(1), a "joint" sense of "and" would mean that a defendant is eligible for relief unless the court finds that he does not jointly have all three elements listed in (A), (B), and (C). The "distributive" sense of the word would mean that the requirement that a defendant "does not have" certain elements of criminal history is distributed across the three subsections, and a defendant is ineligible if he fails any one of the three conditions.

There is a strong textual basis to prefer a distributive reading of "and" in § 3553(f). If "and" is read jointly, then subsection (A) is rendered superfluous. A defendant who has a prior three-point offense under subsection (B) and a prior two-point violent offense under subsection (C) would *always* meet the criterion in subsection (A), because he would always have more than four criminal history points. Thus, reading "and" in its joint sense would leave subsection (A) without any independent operation.

It is "a cardinal principle of statutory construction that we must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (internal quotation omitted). Only the distributive interpretation avoids

surplusage. Subsection (A) has an independent operation only if "and" is read severally: a defendant who has more than four criminal history points, but does not meet the conditions in subsection (B) or subsection (C), is ineligible for a sentence below the statutory minimum. The distributive reading therefore gives meaning to each subsection in § 3553(f)(1), and we conclude that it is the better reading of the statute.[2]

Rather than address the presumption against surplusage, Pulsifer contends that a different canon of interpretation—the presumption of consistent usage—favors reading "and" in the joint sense. Under that canon, we presume that identical words used in different parts of the same statute have the same meaning unless the text or context suggests otherwise. *See IPB, Inc. v. Alvarez*, 546 U.S. 21, 33-34 (2005). Pulsifer points out that the "and" connecting the five statutory requirements in § 3553(f) means that a defendant must satisfy all five criteria to qualify for the limitation of statutory minimums. *See United States v. Maupin*, 3 F.4th 1009, 1016 (8th Cir. 2021). He argues that the consistent-usage canon calls for a presumption that the "and" connecting the three subsections in § 3553(f)(1) likewise means that a defendant is ineligible for relief only if he meets each condition in § 3553(f)(1).

Any presumption of consistent usage is overcome in this case by the contextual differences between the lists in § 3553(f) and § 3553(f)(1). The presumption of consistent usage "readily yields to context," *Util. Air Regul. Grp. v. EPA*, 573 U.S.

---

[2]The Ninth Circuit in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), *petition for reh'g filed*, believed that § 3553(f)(1) employs a "conjunctive negative proof" in which the defendant is ineligible only if he meets all three conditions "cumulatively." *Id.* at 436. As we see it, however, that conclusion mistakenly assumes that the word "and" is used in a joint sense, and the decision was reached only after revising the meaning of § 3553(f)(1)(C) to avoid surplusage. *See id.* at 444-46 (M. Smith, J., concurring in part, dissenting in part, and concurring in the judgment).

302, 320 (2014) (internal quotation omitted), and context here indicates that the "and" in each list serves a different function. The list in § 3553(f) states that the limitation on statutory minimums applies "if the court finds at sentencing . . . that" the defendant satisfies subsections (1), (2), (3), (4), and (5). 18 U.S.C. § 3553(f). Section 3553(f) thus contains a list of affirmative requirements that naturally employs "and" in the joint sense. The list in § 3553(f)(1) works differently. Section 3553(f)(1) introduces a negative list in which "and" must be employed in the several or distributive sense to avoid surplusage.

The practical effect of reading "and" in its distributive sense is that § 3553(f)(1) serves as an eligibility checklist for offenders who seek to avail themselves of the limitation on statutory minimums. The text distributes the introductory phrase "does not have" across each statutory condition. A court will find that § 3553(f)(1) is satisfied only when the defendant (A) does not have more than four criminal history points, (B) does not have a prior three-point offense, and (C) does not have a prior two-point violent offense. If a defendant does not meet all three conditions, then the defendant is not eligible to be sentenced under the sentencing guidelines without regard to the statutory minimum.

Here, it is undisputed that Pulsifer has a criminal history that meets the criteria in subsections (A) and (B). He has more than four criminal history points and a prior three-point offense. Those circumstances make him ineligible for sentencing under § 3553(f). That Pulsifer does not also have a prior two-point violent offense that would meet the condition in subsection (C) is immaterial.

Pulsifer also suggests that the rule of lenity counsels in favor of his interpretation of § 3553(f)(1). That rule applies, however, only when there remains a "grievous ambiguity or uncertainty in the statute," *Muscarello v. United States*, 524 U.S. 125, 139 (1998) (internal quotation omitted), after the court has "seized every thing from which aid can be derived." *Chapman v. United States*, 500 U.S. 453, 463

(1991) (internal quotation omitted).  Here, the traditional tools of interpretation reveal the meaning of the provision, and there is no grievous ambiguity.

The judgment of the district court is affirmed.

_____