# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2550
_____

United States of America,

*Plaintiff - Appellee,*

v.

Joseph Rauber,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 13, 2022
Filed: August 15, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Joseph Rauber pleaded guilty to one count of conspiracy to distribute fifty grams or more of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 846. The statutory minimum penalty for that offense is 120 months' imprisonment. *Id.* § 841(b)(1)(A). At sentencing, Rauber argued that he met the criteria in 18 U.S.C. § 3553(f), and was therefore eligible to be sentenced according to the sentencing guidelines without

regard to the statutory minimum penalty.  The district court[*] disagreed and imposed sentence of 180 months' imprisonment.

Rauber appeals and argues that the district court misinterpreted § 3553(f)(1) in denying his request to be sentenced without regard to the statutory minimum.  To be sentenced "pursuant to the guidelines . . . without regard to any statutory minimum sentence," a defendant must meet the conditions in each of the five subsections in 18 U.S.C. § 3553(f).  This appeal involves only the first subsection.

Subsection 3553(f) provides that the court may sentence the defendant without regard to the statutory minimum if the court finds that—

(1) the defendant does not have—

    (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

    (B) a prior 3-point offense, as determined under the sentencing guidelines; *and*

    (C) a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. § 3553(f)(1) (emphasis added).

The district court found, and the parties agree, that Rauber meets the conditions in subsections (A) and (B).  But Rauber does not meet the condition in subsection (C), because he has not previously been convicted of a crime of violence for which

---

[*]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

he received a sentence of imprisonment between sixty days and thirteen months. *See* USSG § 4A1.1(b); 18 U.S.C. §§ 16, 3553(g).

The district court interpreted § 3553(f)(1) to mean that a defendant is ineligible for a sentence without regard to the statutory minimum if he has the criminal history specified in any of the three subsections. This court recently agreed. *United States v. Pulsifer*, 39 F.4th 1018 (8th Cir. 2022). The court concluded that § 3553(f)(1) uses "and" as a conjunctive, but in the distributive rather than joint sense of the word. *Id.* at 1021-22; *see Garner's Dictionary of Legal Usage* 639 (3d ed. 2011). When the conjunctive "and" is read distributively, § 3553(f)(1) serves as a "checklist," and the subsection "is satisfied only when the defendant (A) does not have more than four criminal history points, (B) does not have a prior three-point offense, and (C) does not have a prior two-point violent offense." *Pulsifer*, 39 F.4th at 1022.

Because Rauber has more than four criminal history points and a prior three-point offense, he is ineligible for sentencing without regard to the statutory minimum under § 3553(f). The judgment of the district court is affirmed.

_____