# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-1191
_____

United States of America

*Plaintiff - Appellee*

v.

Antoine D. Jackson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 19, 2022
Filed: October 20, 2022
[Unpublished]
_____

Before GRUENDER, MELLOY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Antoine Jackson pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The district court[1] determined that Jackson's offense had a five-year statutory minimum sentence and that Jackson

_____

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

could not be sentenced below that minimum under the safety-valve provision in 18 U.S.C. § 3553(f) because he failed to satisfy certain conditions. The district court sentenced him to 5 years' imprisonment. Jackson appeals, claiming that the district court erred in finding him ineligible for § 3553(f) sentencing. He argues that the three conditions in § 3553(f)(1), which are connected by "and," should be read conjunctively rather than disjunctively. On Jackson's reading, he remains eligible for the safety valve unless he fails all three conditions.

Our recent decision in *United States v. Pulsifer* forecloses Jackson's argument. *See* 39 F.4th 1018, 1021-22 (8th Cir. 2022). We held that the "and" between §§ 3553(f)(1)(B) and (C) is used conjunctively but in a distributive sense rather than a joint sense. *Id.* The distributive reading means that failing any one of §§ 3553(f)(1)(A)-(C) bars eligibility. *Id.* at 1022. Because Jackson had "a prior 3-point offense," *see* § 3553(f)(1)(B), he was ineligible for sentencing under § 3553(f). We therefore affirm Jackson's sentence.

_____