**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50305 |
| *Plaintiff-Appellant,* | D.C. No. 3:19-cr-00261-L-1 |
| v. | |
| ERIC LOPEZ, | ORDER |
| *Defendant-Appellee.* | |

Filed January 27, 2023

Mary H. Murguia, Chief Judge, and Danny J. Boggs[*] and
Milan D. Smith, Jr., Circuit Judges.

Order;
Statement by Judge R. Nelson

---

[*] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

# SUMMARY[**]

## Criminal Law

The panel denied on behalf of the court a petition for rehearing en banc in a case in which the panel held that the word "and" in the First Step Act's safety-valve provision, 18 U.S.C. § 3553(f)(1), is unambiguously conjunctive.

In a statement regarding denial of rehearing en banc, Judge R. Nelson wrote that given the deep circuit split on whether "and" means "or" in § 3553(f), the issue warrants Supreme Court review, and if the Supreme Court does not resolve this split, this court should review the issue en banc in a subsequent case.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

The panel has voted to deny the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing en banc is DENIED (Doc. 49).

---

R. NELSON, Circuit Judge, statement regarding denial of rehearing en banc:

The issue presented in this case—whether "and" means "or" in the First Step Act's "safety valve" provision, 18 U.S.C. § 3553(f)—needs clarity. Courts and judges around the country have split on this issue. Given the deep split, this issue warrants Supreme Court review. If the Supreme Court does not resolve this split, we should review this issue en banc in a subsequent case.

This case involves the so-called "safety valve" provision of the First Step Act, 18 U.S.C. § 3553(f), and turns on a straightforward question: Does "and" mean "and" or "or"? A seemingly simple question has eluded courts of appeal, who are deeply split. This court and the Eleventh Circuit (sitting en banc) hold that defendants are disqualified from safety-valve relief only if they meet all three criminal-history criteria listed in § 3553(f)(1), while the Fifth, Sixth, Seventh, and Eighth Circuits hold that possessing any one of the criteria is disqualifying. *Compare United States v. Lopez*, 998 F.3d 431, 433 (9th Cir. 2021) and *United States v. Garcon*, 54 F.4th 1274, 1276 (11th Cir. 2022) (en banc) *with*

*United States v. Palomares*, 52 F.4th 640, 643–45 (5th Cir. 2022), *United States v. Haynes*, __ F.4th __, 2022 WL 17750939, at *3–4 (6th Cir. 2022), *United States v. Pace*, 48 F.4th 741, 754–55 (7th Cir. 2022), and *United States v. Pulsifer*, 39 F.4th 1018, 1021 (8th Cir. 2022).

What's more, there is even disagreement among each side of the split. *See, e.g.*, *Garcon*, 2022 WL 17479829, at *17 (Branch, J., dissenting) ("The Fifth Circuit and Eighth Circuit held that the 'and' bears a conjunctive but distributive meaning; the Seventh Circuit held that the 'and' is disjunctive."). Not to mention multiple concurrences and dissents. Seventeen judges in six circuits have now offered their unique take on this same question.

The present degree of circuit court confusion warrants Supreme Court review. The question here—which governs whether district courts must "impose a sentence . . . without regard to any statutory minimum," 18 U.S.C. § 3553(f)—is especially important and implicates how individuals are deprived of their liberty. There is also a heightened need for consistency in criminal sentencing. Disagreement among the circuits will lead to disparate administration of justice across the country, with defendants with identical criminal histories sentenced differently (sometimes significantly so) in federal court depending on where they live.

So why not call this case en banc? A court of appeals' en banc power is meant to allow "for more effective judicial administration." *Textile Mills Sec. Corp. v. Comm'r*, 314 U.S. 326, 334–35 (1941). In my view, en banc review—with its considerable expenditure of time and resources—is better reserved for a subsequent case if necessary.

A circuit split will exist whether this court changes its position, meaning we cannot satisfy "the overriding need for

national uniformity" that often justifies en banc review. 9th Cir. Rule 35-1. Only the Supreme Court can resolve the entrenched division in the lower courts. *Cf. Green v. Santa Fe Indus., Inc.*, 533 F.2d 1309, 1310 (2d Cir. 1976) (per curiam) ("This Court has denied en banc . . . not because we believe these cases are insignificant, but because they are of such extraordinary importance that we are confident the Supreme Court will accept these matters under its certiorari jurisdiction . . . ."). Of course, an "airing of competing views" can often "aid[]" the Supreme Court's "own decisionmaking process." *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring in the grant of stay). But over a dozen federal appellate judges—including members of this court—have already weighed in with thoughtful opinions representing a diversity of views. The time and labor required to produce yet another set of writings from our court en banc for the Supreme Court to consider does not seem worth the candle at this stage. This case also may not be the best vehicle for en banc review, given that Lopez's scheduled release date has already passed—potentially raising procedural complications.

If the Supreme Court declines to resolve the present circuit split, we should consider in a subsequent case whether to align our court with the current majority view held by the Fifth, Sixth, Seventh, and Eighth Circuits.