# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-40669
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Javier Escalera, Jr.,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-1654-1

———————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Javier Escalera, Jr., appeals his 60-month prison terms for conspiracy to possess with intent to distribute 100 grams or more of heroin and possession with intent to distribute 100 grams or more of heroin. He challenges the district court's determination that he was ineligible for the safety valve under 18 U.S.C. § 3553(f) because he has a prior offense that

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

received three criminal history points.  Escalera contends that, under § 3553(f)(1), a defendant's criminal history precludes relief only if he has more than four criminal history points (not counting one-point offenses), a prior three-point offense, *and* a prior two-point violent offense.  However, he concedes that the issue is foreclosed by our holding in *United States v. Palomares*, 52 F.4th 640, 642, 647 (5th Cir. 2022), *petition for cert. filed* (U.S. Dec. 21, 2022) (No. 22-340), that a defendant is ineligible for the safety valve if his criminal history satisfies just one of those conditions.

Because the sole issue is foreclosed and "there can be no substantial question as to the outcome of the case," the Government's motion for summary affirmance is GRANTED, *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file its appellate brief is DENIED.  Escalera's motion to hold the appeal in abeyance pending the Supreme Court's decision in *Pulsifer v. United States*, 39 F.4th 1018 (8th Cir. 2022), *cert. granted* (U.S. Feb. 27, 2023) (No. 21-1609), is DENIED.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008).