[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11552

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IMMER ELLIAZAR GUEVARA-RAMOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:20-cr-00019-LAG-TQL-2

_____

Before ROSENBAUM, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Immer Guevara-Ramos appeals the 120-month sentence imposed after he pleaded guilty to conspiracy to possess with intent to distribute methamphetamine (a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846).[1]  Guevara-Ramos contends that the district court determined erroneously that he was ineligible for relief under the safety-valve provision in 18 U.S.C. § 3553(f).  Reversible error has been shown; we vacate the sentence and remand for resentencing.

Before Guevara-Ramos's sentencing, a probation officer prepared a Presentence Investigation Report ("PSI").  According to the PSI, Guevara-Ramos received three criminal history points for his 2008 Georgia convictions for drug-trafficking and for obstructing an officer.  None of Guevara-Ramos's other prior criminal convictions resulted in criminal history points.  The PSI then assigned Guevara-Ramos two criminal history points for committing the instant offense while serving a prior sentence.  So, Guevara-Ramos had a total of five criminal history points.

Based on the total offense level and applicable criminal history category, the PSI showed Guevara-Ramos's advisory guidelines range as between 97 and 121 months' imprisonment.  Because

---

[1] Guevara-Ramos does not appeal his conviction.

Guevara-Ramos's offense had a statutory mandatory minimum sentence of 10 years, Guevara-Ramos's guidelines range became 120 to 121 months.

In his objections to the PSI and at the sentencing hearing, Guevara-Ramos argued that he was eligible for safety-valve relief under 18 U.S.C. § 3553(f): a provision that would allow him to be sentenced below the statutory mandatory minimum sentence.

The district court acknowledged that the proper interpretation of section 3553(f) was still "up in the air" pending this Court's *en banc* decision in *United States v. Garcon*, No. 19-14650. Nevertheless, the district court rejected Guevara-Ramos's interpretation of section 3553(f). The district court concluded that -- because Guevara-Ramos had more than four criminal history points and had a prior three-point offense -- he was ineligible for relief under section 3553(f).

The district court sentenced Guevara-Ramos to the mandatory minimum sentence of 120 months' imprisonment. The district court said, however, that -- if Guevara-Ramos had been eligible for relief under section 3553(f) -- the district court would have imposed a sentence of 72 months.

After Guevara-Ramos was sentenced -- and while this appeal was pending -- we issued our decision in *United States v. Garcon*, 54 F.4th 1274 (11th Cir. 2023) (*en banc*), in which we addressed the proper interpretation and application of the safety-valve provision in section 3553(f).

The safety-valve provision in 18 U.S.C. § 3553(f), as amended by the First Step Act,[2] provides that a district court may -- under some circumstances -- sentence a defendant convicted of certain crimes (including offenses under 21 U.S.C. §§ 841 and 846) "without regard to any statutory mandatory minimum sentence." *See* 18 U.S.C. § 3553(f). To be eligible for safety-valve relief, a defendant must satisfy each of five numbered subsections. *See id.*; *Garcon*, 54 F.4th at 1277. Pertinent to this appeal, the first subsection requires the district court to make the following determination:

> (1) the defendant does not have --

> > (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

> > (B) a prior 3-point offense, as determined under the sentencing guidelines; *and*

> > (C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1) (emphasis added).

---

[2] First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221 (2018).

In *Garcon*, we determined -- based on the ordinary meaning of the word "and" -- that a defendant "loses eligibility for relief only if all three conditions in subsections (A) through (C) are satisfied." *Garcon*, 54 F.4th at 1278. In Garcon's case, the defendant had a prior three-point offense but did not have either four criminal history points or a prior two-point violent offense. *Id*. Because the defendant met only subsection (B) -- and not subsections (A) or (C) -- we concluded that the defendant was eligible for safety-valve relief under section 3553(f). *See id*.

Our decision in *Garcon* controls the outcome of this appeal. That Guevara-Ramos has more than four criminal history points and has a prior three-point offense -- and thus satisfies subsections (A) and (B) -- is undisputed. But Guevara-Ramos has no prior two-point violent offense for purposes of subsection (C). Because Guevara-Ramos has not satisfied "all three conditions in subsections (A) through (C)," he remains eligible for safety-valve relief under section 3553(f). *See id*.

After our decision in *Garcon* issued, the government filed a notice of supplemental authority. In its notice, the government conceded that *Garcon* resolved the only issue in this appeal in favor of Guevara-Ramos. The government, however, also advised that the Eighth Circuit -- in *United States v. Pulsifer*, 39 F.4th 1018 (8th Cir. 2022) -- decided this issue differently than we did in *Garcon*. The Supreme Court has since granted *certiorari* in *Pulsifer*. In the light of these developments, the government requests that we stay

further consideration of this appeal until after the conclusion of lit-igation on this issue in the Supreme Court.  We deny this request.

The Supreme Court will do as it chooses at a time it chooses. In the meantime, we are bound by our *en banc* decision in *Garcon*. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("Under [our prior-panel-precedent] rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").  We have stressed that the Supreme Court's grant of *certiorari* alone does not change the law of this Circuit.  *See Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015).  "Until the Supreme Court issues a decision that actually changes the law, we are duty-bound to apply this Court's precedent and to use it and any existing decisions of the Supreme Court" to rule on a party's claims.  *Id.* (denying a defendant's mo-tion for a stay of execution premised in part on the Supreme Court's grant of *certiorari* in another case).

In the light of our decision in *Garcon*, the pertinent law for us is now settled; we must conclude that the district court erred in determining that Guevara-Ramos was ineligible for safety-valve re-lief under section 3553(f).  We vacate Guevara-Ramos's sentence and remand for resentencing.

VACATED AND REMANDED.