UNITED STATES et al. v. RIPPETOE et al.

No. 5974.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 14, 1949.

Decided Dec. 30, 1949.

Harold R. Love, Pro Se (Burdette W. Bergman and J. Baumhofer, Minneapolis, Minn., on brief), for appellants.

Samuel Want, Darlington, S. C., J. Spencer Bell, Charlotte, N. C., and A. L. Hardee, Florence, S. C. (Willcox, Hardee, Houck & Palmer, Florence, S. C., on brief), for appellees.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a summary judgment for defendant in an informer's suit instituted under 31 U.S.C.A. §§ 231 and 232 to recover on account of alleged fraud in the presentation of a claim against the United States. Plaintiff alleged, not only that the claim was false, but also that there was corruption on the part of government officials in dealing with it. The learned District Judge thought that, because plaintiff did not negative knowledge of the fraud on the part of government officials, but on the contrary charged their knowledge of and complicity in the fraud, the court was without jurisdiction to entertain the suit under subsection C of 31 U.S.C.A. § 232, which provides:

" * * * (C) The court shall have no jurisdiction to proceed with any such suit brought under clause (B) * * * whenever it shall be made to appear that such suit was based upon evidence or information in the possession of the United States, or any agency, officer or employee thereof, at the time such suit was brought * * *."

 In this holding we think there was error. In the first place, we do not think it incumbent upon plaintiff to negative knowledge on the part of government officials of the evidence upon which his action is based. The provision of the statute is that when "it is made to appear" that the suit is based upon evidence or information in possession of the United States, etc., the court shall be without jurisdiction to proceed with it. This clearly means, not that plaintiff must in his pleadings or otherwise negative knowledge on the part of government agents, but that the court shall lose jurisdiction whenever that fact is established in the case.

 In the second place, we do not think that knowledge on the part of a government official who is implicated in the fraud precludes suit by the informer. The whole history of the provision shows that its purpose was, not to bar bona fide suits by informers merely because corrupt officials of the government might have participated in the fraud or refused to prosecute it, but to prevent the bringing of parasitical actions by those who sought to profit from governmental investigations or prosecutions by using the evidence which these had developed, as occurred in United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443, the decision in which led directly to the legislation of which the provision here is a part. In a letter to the Speaker of the House, advocating the repeal of the original informer statute following that decision, Hon. Francis Biddle, who was then Attorney General, pointed out the need for remedial legislation in the following language:[1]

"Recent experience shows that plaintiffs in informers' suits not only fail to furnish to the United States the information which is the basis of their actions, but on the contrary, at times base the litigation on information which has been secured by the Government in the regular course of law enforcement. Such plaintiffs at times not only use information contained in indictments returned against the defendant, but also seek to use Government files to prove their cases. Consequently, informers' suits have become mere parasitical actions, occasionally brought only after law enforcement officers have investigated and prosecuted persons guilty of a violation of law solely because of the hope of a large reward."

A bill was introduced into Congress following the receipt of this letter providing

---

1. Set forth in the report of the Committee on the Judiciary on S. 2754, Report No. 1708, 77th Cong. 2nd Sess. This original bill in the Senate did not pass that body.

for the repeal of the informer statute. It passed the House but was amended in the Senate, the report of the Senate Committee stating:[2] "The committee have amended the bill to protect and compensate genuine informers who comply with the provisions respecting notice to the Attorney General * * *." It was with this in view that the act which finally became law as an amendment of the informer statute was worked out when the House bill as amended by the Senate was referred to a conference committee.

█ It is a well settled principle of law that knowledge of an agent who is engaged in an attempt to defraud his principal will not be imputed to the principal. American Surety Co. v. Pauly, 170 U.S. 133, 18 S.Ct. 552, 42 L.Ed. 977; 2 Am.Jur. 298-299; A. L. I. Restatement of Agency sec. 282(1). Some of the worst frauds upon the government have been those in which officials have participated; and it is hardly reasonable to suppose that Congress intended to forbid suits by informers based on such frauds, merely because of the knowledge of a false agent who participated in the fraud and whose interest would be to conceal it. There is reason in saying that an informer may not sue on a claim of which those who may be expected to protect the interests of the government have knowledge; and this is clearly what the act means. This reasoning does not apply, however, where the knowledge is in possession of one who has participated in a fraud on the government and is interested in concealing it. To so hold would in large measure emasculate the statute and deprive the public of its benefit in cases where it is most needed. It is clear that the amendment enacted into law the views expressed by Mr. Justice Jackson in his dissenting opinion in United States ex rel. Marcus v. Hess, supra; and it can be as well said of the amended statute as was said in that dissenting opinion of the statute prior to amendment: "If it (the statute) were construed according to its spirit to reward those who disclose frauds otherwise con-

cealed or who prosecute frauds otherwise unpunished, it would serve a useful purpose in the enforcement of the law and protection of the Treasury." [317 U.S. 537, 63 S.Ct. 391]

█ It is said that, by the express wording of the statute, knowledge on the part of any officer or employee of the government is sufficient to bar suit by an informer; but the rule is well settled that all laws are to be given a sensible construction and that a literal application of language which leads to absurd consequences should be avoided whenever a reasonable application can be given consistent with the legislative purpose. Exceptions are read into the general language when necessary to avoid absurd consequences and carry out the purpose of the legislature. United States v. American Trucking Association, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345; Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249; United States v. Katz, 251 U.S. 354, 357, 46 S.Ct. 513, 70 L.Ed. 986; United States v. Kirby, 7 Wall. 482, 486, 487, 19 L.Ed. 278. In the case last cited, the rule is stated as follows:

"All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter."

The rule was well stated by Mr. Justice Jackson in his dissenting opinion in United States ex rel. Marcus v. Hess, supra, in the following language:

"In American Tobacco Co. v. Werckmeister, 207 U.S. 284, 293, 28 S.Ct. 72, 74, 52 L.Ed. 208, 12 Ann.Cas. 595, Mr. Justice Day said: 'But in construing a statute we are not always confined to a literal reading, and may consider its object and purpose, the things with which it is dealing,

2. Report of the Committee on the Judiciary on H.R. 1203, Report No. 291, 78th Cong. 1st Sess.

738

and the condition of affairs which led to its enactment, so as to effectuate rather than destroy the spirit and force of the law which the legislature intended to enact. It is true, and the plaintiff in error cites authorities to the proposition, that where the words of an act are clear and unambiguous they will control. But, while seeking to gain the legislative intent primarily from the language used, we must remember the objects and purposes sought to be attained.' If ever we are justified in reading a statute, not narrowly as through a keyhole, but in the broad light of the evils it aimed at and the good it hoped for, it is here.

We think that in entering summary judgment for defendant the court proceeded upon an erroneous theory of law and that the case must be remanded so that the facts may be more fully developed and findings made in the light of the principles here laid down. Upon further hearing, the court should find specifically what the facts are constituting plaintiffs' alleged cause of action and specifically what knowledge of these facts there was on the part of officers of the government whose knowledge would defeat the court's jurisdiction to entertain the suit. If upon the hearing it is established that there was such knowledge, the case will, of course, be dismissed in accordance with the mandate of the statute.

 Prior to the entry of the summary judgment the court quashed the service of process upon the defendants Albert Hanes and Wachovia Bank and Trust Company on the ground that service of process had not been made upon either of them in the state where the suit was brought. The notice of appeal names neither of these defendants and they have moved, for that reason, to dismiss the appeal in so far as it affects them. It is clear that the motion should be allowed, not only because they were not named in the notice of appeal, but also because the appeal, as to them, is altogether lacking in merit, since it is clear that process of the District Court may not be served beyond the state in which the action is instituted. See Rule 4(b), Federal Rules of Civil Procedure, 28 U.S.C.A. Section 119 of Title 41 of the United States Code Annotated applies to suits by the United States, not suits by informers.

Appeal Dismissed as to defendants Hanes and Wachovia Bank and Trust Company.

Reversed as to other defendants.