275 F.2d 281
 UNITED STATES of America and Jack Aloff, Appellant,
v.
Jay ASTER, Individually and Trading as Wingate Construction
Co., National Surety Corporation and The Crouse-Hinds Co.
 No. 12970.
 United States Court of Appeals Third Circuit.
 Argued Nov. 20, 1959.
Decided Feb. 17, 1960.
 
 Claude O. Lanciano, Philadelphia, Pa., for appellant.
 Joseph H. Lieberman, Pa., F. Hastings Griffin, Jr., Philadelphia, Pa. (John V. Lovitt, Beechwood & Lovitt, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee.
 Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit judges.
 McLAUGHLIN, Circuit Judge.
 
 
 1
 This is an appeal from a dismissal of a qui tam or informer's action brought under 31 U.S.C.A. 231, 232, 233 and 235.
 
 
 2
 The district court found that the essential information upon which the suit was predicated was in the possession of the United States prior to the filing of the suit. Such information was given to the government by the informer who now brings this claim. The court construed Section 232(C) as depriving it of jurisdiction of any qui tam action based on information already in the hands of the United States regardless of the source of that information.
 
 
 3
 Appellant asserts that he had been merely trying to inform the United States of violations of law by the defendants and that 'His depositions clearly indicate * * *' this. Actually, in appellant's deposition which he does not print and which was taken a month after he had commenced the present suit, appellant testified that first, he turned over all the information he had up to over a year prior to the date of the deposition to the Inspector General's Division of the Corps of Engineers at Fort Belvoir, Virginia. And the information he acquired after that as he said, 'we turned that over to the Justice Department in Washington * * *. During the past five or six months.' He was asked, 'Have you made a fair disclosure to the government of all the facts on which you rely in making that contention (his claim that either Wingate Construction or Crouse-Hinds or The National Surety Company had in any way defrauded the government)?' Appellant's answer to the question was 'Fair, in my estimation.'
 
 
 4
 In the light of the above direct, unequivocal testimony of the appellant there was no dispute of fact here as to whether this informer had turned over all of his information to the government. In this case wherein he is the plaintiff he has sworn not that he just tried to but that he did. The district court had the right and the duty to so hold. The appellant complains of some early position taken by the Attorney General that the data submitted by Aloff 'consists of generalizations and conclusions of law and that the informant has failed to submit factual evidence as required by said statute.' That statement was made prior to the deposition referred to and whatever might be the worth of Aloff's information he has made it very clear in this suit that he furnished it to the government four or five months before he commenced his action.
 
 
 5
 Appellant's other point also concerns the pronouncement in the ruling statute (31 U.S.C.A. 232(C)) that the district court has no jurisdiction to proceed in this type of suit if at any time during the proceeding:
 
 
 6
 '* * * it shall be made to appear that such suit was based upon evidence or information in the possession of the United States, or any agency, officer or employee thereof, at the time such suit was brought * * *.'
 
 
 7
 Appellant would add an exception to the above quoted law in effect reading 'except where the informer who was the source of the evidence or information brings the action'.
 
 
 8
 We find no merit in appellant's conception of the intent of Section 232(C). This section sets out in detail the method to be followed in bringing a qui tam action. Had Congress wished to provide an exception to the clause dealing with jurisdiction, or lack of jurisdiction, of the courts, it is reasonable to assume that it would have done so with the same care as found in the remainder of the section. The steps set forth require that when such cause is brought the relator shall serve a copy of the bill of complaint on the United States Attorney for the district in which suit is brought and mail a copy of the bill together with a written disclosure of substantially all material evidence and information in the possession of the relator to the Attorney General of the United States. This presumes that the information has not already been made available to the government. The appellant here chose to impart his material information to the United States for its use rather than first bringing an action on his own initiative as provided for in Section 232(B). By so doing he has brought himself within the jurisdictional prohibition of Section 232(C).
 
 
 9
 The cases cited by appellant lend no support to his ingenious theory. In one of them, United States ex rel. McCans v. Armour & Co., D.C.D.C.1956, 146 F.Supp. 546, 549, affirmed 1958, 102 U.S.App.D.C. 391, 254 F.2d 90, the district court in dismissing a qui tam cause relied inter alia on the ground that 'on occasions' prior to suit informant did 'bring her claim * * * against defendant to the attention * * *' of government officials.
 
 
 10
 Since the information was already in the hands of the United States, in accordance with the statute, the district court had no jurisdiction to proceed and properly dismissed the complaint on defendant's motion.
 
 
 11
 The order appealed from will be affirmed.