UNITED STATES of America ex rel.
David P. WEINBERGER, and David P.
Weinberger, Esq., Individually, Plain-
tiffs-Appellants,

v.

STATE OF FLORIDA,
Defendant-Appellee.

No. 78–2626.

United States Court of Appeals,
Fifth Circuit.

April 28, 1980.

David P. Weinberger, pro se.

Alan C. Brown, Leonard Schaitman, Al-
exander Younger, Commercial Litigation
Branch, Civil Div., Dept. of Justice, Wash-
ington, D. C., for amicus curiae.

Jim Smith, Randy J. Schwartz, Attys.
Gen. of Florida, Tallahassee, Fla., Thomas
A. Beenck, Joseph A. Linnehan, Asst. Attys.
Gen., Dept. of Legal Affairs, Tallahassee,
Fla., for defendant-appellee.

Before MORGAN, ANDERSON and
RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

This is an appeal from a district court
order dismissing a *qui tam* action brought
under the False Claims Act, 31 U.S.C.
§ 231–35. The False Claims Act "prohibits
false or fraudulent claims to government
payment," *United States ex rel. Weinberger
v. Equifax,* 557 F.2d 456, 460 (5th Cir. 1977),
*cert. denied,* 434 U.S. 1035, 98 S.Ct. 768, 54
L.Ed.2d 782 (1978); grants an informer
standing to sue on behalf of the United
States; and provides an award to the in-
former for the recovery of forfeitures and
damages, *see id.* § 232(B) and (E)(2). Upon
filing the *qui tam* action, the informer must
notify the United States of the suit. If the
United States elects to decline to enter an
appearance, the informer may continue the
suit. *See id.* § 232(C). However, no subject
matter jurisdiction exists "whenever it shall
be made to appear that such suit was based
upon evidence or information in the posses-
sion of the United States, or any agency,
officer or employee thereof, at the time
such suit was brought." *Id.* § 232(C).

On August 12, 1977, Relator Weinberger filed a complaint in the district court on behalf of the United States. On September 22, 1977, the United States declined to enter an appearance in the action. The gravamen of Weinberger's complaint is that in the course of requesting fiscal assistance from the United States Department of Labor's Employment and Training Administration, the Florida Department of Commerce falsely certified that it was adhering to a federally approved merit system of personnel administration. The district court dismissed the suit for failure to state a claim upon which relief could be granted, holding that a state is not a "person" subject to liability under the False Claims Act. On appeal, this court granted the motion of the United States to file a brief and appear at oral argument as amicus curiae. The United States contends that the district court lacked jurisdiction under 31 U.S.C. § 232(C) because the suit was based upon evidence or information which the United States possessed at the time the suit was brought. We agree.

 The jurisdictional bar of 31 U.S.C. § 232(C) operates to preclude an informer's suit under the False Claims Act when "the essential information upon which the suit was predicated was in the possession of the United States prior to the filing of the suit." *United States v. Aster*, 275 F.2d 281, 282 (3rd Cir.), *cert. denied*, 364 U.S. 894, 81 S.Ct. 223, 5 L.Ed.2d 188 (1960). Knowledge by the Government prior to suit bars the action even if the plaintiff is the source of that knowledge. *Pettis ex rel. United States v. Morrison-Knudsen Co.*, 577 F.2d 668 (9th Cir. 1978); *Safir v. Blackwell*, 579 F.2d 742 (2d Cir. 1978), *cert. denied*, 441

U.S. 943, 99 S.Ct. 2160, 60 L.Ed.2d 1044 (1979); *United States v. Aster*, 275 F.2d 281. In this case, the district court's lack of subject matter jurisdiction is revealed on the face of the pleadings, for in his Third More Definite Statement, Weinberger conceded that "[p]rior to the filing of this suit, plaintiff-relator disclosed substantially all of the evidence in his possession to the Attorney General of the United States, by registered mail dated Feb. 10, 1976 . . . and certified mail dated August 4, 1977." We reject Weinberger's assertion that the district court had jurisdiction of the suit because his pre-suit disclosures to the Government did not include one or two items of information which he sought to use as support for his claim. We agree with the Ninth Circuit that the evidence or information possessed by the United States need not be a "mirror image" of that in the hands of the *qui tam* plaintiff, and that the jurisdictional bar is properly invoked "where it is possible to say that the evidence and information in possession of the United States at the time the False Claims Act suit was brought was sufficient to enable it adequately to investigate the case and to make a decision whether to prosecute." *Pettis ex rel. United States v. Morrison-Knudsen Co.*, 577 F.2d at 674. The pleadings clearly establish that the information possessed by the Government at the time the suit was brought was sufficient to meet the *Pettis* test. Therefore, we vacate the judgment below and remand the case to the district court for entry of an order dismissing the suit for lack of subject matter jurisdiction.[1]

VACATED and REMANDED.

---

1. Weinberger contends that *United States v. Rippetoe*, 178 F.2d 735 (4th Cir. 1949), "eliminates" the jurisdictional bar of 31 U.S.C. § 232(C) in this case. Based on the well-settled principle that the knowledge of an agent engaged in an attempt to defraud his principal will not be imputed to the principal, *Rippetoe* held that "knowledge on the part of a government official who is implicated in the fraud" will not preclude a suit by the informer. *Id.* at 736. In his complaints, Weinberger alleged that unnamed state and federal officials knowingly and intentionally conspired to aid and

abet the alleged fraud by seeking a voluntary refund of a portion of the grant monies from the State of Florida rather than bringing an action under the False Claims Act or terminating the federal grants. We reject Weinberger's contention that these allegations bring him within the *Rippetoe* exception. The *Rippetoe* exception applies to a situation in which a Government agent's involvement in the fraud prevents the Government from receiving knowledge of that fraud or from acting upon it. *See also Pettis ex rel. United States v. Morrison-Knudsen Co.*, 577 F.2d at 673 (*Rippetoe*

applies "when the corruption out of which the false claim arose also serves to prevent government action, as where, for example, a corrupt public official who is a party to the fraud prevents governmental action by concealment or otherwise"). By his own admission, Weinberger cannot make a colorable claim that the United States was unaware of the essential facts of his complaint; nowhere does he allege that any Government official prevented the Government from becoming aware of the fraud or acting to remedy it. Nothing in *Rippetoe* suggests that it was intended to include a situation in which the Government, with knowledge of all the relevant facts, declines to institute a False Claims Act suit or to terminate grant monies, choosing instead to utilize other remedial avenues.