**STATE OF OKLAHOMA ex rel. DEPARTMENT OF HUMAN SERVICES, an agency of the State of Oklahoma, Plaintiff,**

v.

**CHILDREN'S SHELTER, INC., an Oklahoma corporation; the Estate of W.H. Pat O'Bryan, Sr.; W.H. O'Bryan, Jr., individually and as the Personal Representative of the Estate of W.H. O'Bryan, Sr.; Donald L. O'Bryan, individually and as the Personal Representative of the Estate of W.H. Pat O'Bryan, Sr.; Patricia Pearl O'Bryan Etherton; the Estate of Virginia Harper O'Bryan; Donald A. Harper, Personal Representative of the Estate of Virginia Harper O'Bryan; and Teresa K. Etherton Goff, Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**CHILDREN'S SHELTER, INC., an Oklahoma corporation; the Estate of W.H. Pat O'Bryan, Sr.; W.H. O'Bryan, Jr., individually and as the Personal Representative of the Estate of W.H. Pat O'Bryan, Sr.; Donald L. O'Bryan, individually and as the Personal Representative of the Estate of W.H. Pat O'Bryan, Sr.; Patricia Pearl O'Bryan Etherton; the Estate of Virginia Harper O'Bryan; Donald A. Harper, Personal Representative of the Estate of Virginia Harper O'Bryan; and Teresa K. Etherton Goff, Defendants.**

Nos. CIV–84–364–W, CIV–84–1369–W.

United States District Court,
W.D. Oklahoma.

Jan. 7, 1985.

## ORDER

LEE R. WEST, District Judge.

·This matter came before the Court on the United States' suggestion that the Court dismiss without prejudice Counts I, II, and III of this action pursuant to title 31, section 3730(b)(4) of the United States Code. The requested dismissal was advanced by way of suggestion rather than by motion since the United States is not a party to this action and since it had not filed a timely notice of appearance permitting it to be a party to this action.

The complaint setting forth ten causes of action was filed by the State of Oklahoma. Counts I through III were brought by the State as a relator on behalf of the United States and each count alleges violations of the False Claims Act, 31 U.S.C. §§ 3729–3731, and seeks recovery of damages for alleged Medicaid fraud. Count IV through X were brought by the State on its own behalf and would be unaffected by the proposed dismissal.

The parties attended a status conference at which time the Court agreed to dismiss Counts I, II, and III as suggested and permitted the State to file an amended complaint setting forth only the remaining seven causes of action. The same day the United States filed a complaint in this judicial district, CIV–84–1369–W (transferred to this Court by the Honorable Ralph Thompson), setting forth essentially the same three causes of action alleged by the State in its initial complaint. At the same conference, the Court directed the parties to submit authority and argument as to whether the United States could refile these causes of action and could proceed on its own behalf.

A *qui tam* action such as the one initially pursued by the State is an exception to the normal procedure whereby all suits for the United States must be brought by the Attorney General or his representative. Under the *qui tam* procedure and in the instant context, a person as relator may present a claim on behalf of the United States, 31 U.S.C. § 3730(b)(1), and then give notice to the federal government of the existence of the litigation. *Id.* § 3730(b)(2). If the United States had prior knowledge of the facts of the case, it must enter an appearance in the action within sixty days after being notified by the relator and "take over" the prosecution. *Id.* §§ 3730(b)(2), 3730(b)(3). If the United States had prior knowledge of the case and fails to enter a timely appearance, section 3730(b)(4) requires the Court to dismiss the relator's action or at least that portion of the action which seeks relief on behalf of the United States.

In the instant case, the State gave proper notice to the United States and under the statute, the federal government was then required to determine whether it had prior knowledge of the facts as alleged by the State. It is stipulated that the United States did have evidence and information concerning this case prior to its commencement, *see* Stipulation (April 13, 1984), and it is undisputed that the United States failed to make a timely appearance.

Courts, based upon the wording of the statute, have regarded the federal government's failure to enter a timely appearance in such instances as a jurisdictional bar which operates to preclude the relator's suit. *Accord, United States ex rel. State of Wisconsin v. Dean,* 729 F.2d 1100 (7th Cir.1984) (construing predecessor statute, 31 U.S.C. §§ 231–235); *United States ex rel. Weinberger v. Florida,* 615 F.2d 1370 (5th Cir.1980); *United States ex rel. MacFarlane v. Hutchinson,* 519 F.Supp. 563 (D.Colo.1981). Accordingly, under the pertinent statutory provision and relevant case, this Court was without jurisdiction over Counts I, II, and III and dismissal of said counts was entirely appropriate.

The fact that the United States failed to make a timely appearance in this case, however, does not preclude the refiling of the same allegations by the United States in a separate action pursuant to section 3730(a). The dismissal of these three counts was on jurisdictional grounds only and as such does not operate as an adjudication on the merits or affect the substantive rights of the United States to proceed on its own behalf. *See* Rule 41(b), Fed.R.Civ.P.

Defendants Estate of Virginia Harper O'Bryan, deceased, and Donald Harper, Personal Representative of Virginia Harper O'Bryan, have objected to the filing of the complaint by the federal government and have argued that while no authority exists which renders the United States' actions impermissible or improper, that it would be less burdensome and less prejudicial to said defendants to require the State to proceed with the action as originally instituted. The defendants have urged the Court to permit the suit to continue as filed rather than require these defendants to defend multiple suits.

The statutory authority which controls in this instance leaves the Court without discretion to act by its very language. 31 U.S.C. § 3730(b)(4) ("the court *shall* dismiss ...") (emphasis added). Thus, the Court cannot permit the State as requested by the defendants to continue to litigate Counts I, II, and III.

The Court has previously permitted the dismissal of Counts I, II, and III of the State's complaint in CIV–84–364–W and the filing by the State of an amended complaint. The Court finds that such was appropriate under the circumstances and further that the complaint filed by the United States in CIV–84–1369–W is appropriately and properly filed.