UNITED STATES of America ex rel. W. Gordon DICK and John P. Daly, Jr., Plaintiffs,

v.

LONG ISLAND LIGHTING COMPANY, Charles R. Pierce, Wilfred O. Uhl, Charles J. Davis, and Andrew W. Wofford, Defendants.

No. 88–CV–2065 (JBW).

United States District Court, E.D. New York.

April 14, 1989.

Bower & Gardner by James D. Harmon, Jr. and Michael Eng., New York City, for Qui Tam private plaintiffs.

Shea & Gould by Michael Lesch, Ronald H. Alenstein and John G. Nicolich, New York City, for Individual defendants.

Susan E. Silverman, Hicksville, N.Y., for defendant, Long Island Lighting Co.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by Pamela R. Perron, Brooklyn, N.Y., for U.S.

MEMORANDUM AND FINAL JUDGMENT IN QUI TAM ACTION

WEINSTEIN, District Judge.

Plaintiffs in this qui tam action filed what was essentially a copy of the previously docketed complaint in *Suffolk County v. Long Island Lighting Co.*, No. 87–CV–646 (E.D.N.Y.). That case, brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., was dismissed on the merits, but a class settlement was approved. 710 F.Supp. 1428 (E.D.N.Y.1989). The government will receive the full benefit of that settlement, being treated the same way as other ratepayers; counsel received fees and the qui tam plaintiffs nominal awards for participating in some settlement negotiations. 710 F.Supp. 1477 (E.D.N.Y.

1989).

The qui tam theory was that LILCO had lied to the Public Service Commission, obtaining higher electric rates than it was entitled to receive and thus cheating the United States as a ratepayer. 31 U.S.C. § 3730. These rates, it should be noted, were identical to the rates approved by the New York Public Service Commission and charged to some million other ratepayers on Long Island over a period of some fifteen years.

■ The information relied upon by the qui tam plaintiffs was widely known. Sources included the news media and documents on file in the courthouse, before the New York Public Service Commission and the Nuclear Regulatory Commission. When the qui tam complaint was filed the information it contained, as well as the theory upon which it was based, was fully known to the government.

■ Information already known to the government may not be the basis for a successful qui tam action. *United States and Aloff v. Aster,* 275 F.2d 281 (3rd Cir.), *cert. denied,* 364 U.S. 894, 81 S.Ct. 223, 5 L.Ed.2d 188 (1960); *Safir v. Blackwell,* 579 F.2d 742, 746–747 (2d Cir.1978), *cert. denied,* 441 U.S. 943, 99 S.Ct. 2160, 60 L.Ed. 2d 1044 (1979). *See also United States ex rel. Weinberger v. Florida,* 615 F.2d 1370, 1371 (5th Cir.1980) ("Knowledge by the Government prior to suit bars the action even if the plaintiff is the source of that knowledge.").

This court lacks jurisdiction of this action because the qui tam plaintiffs were not the substantial source of either the information leading to the class action settlement or the information upon which they based their own action. Section 3730(e)(4)(A) of Title 31 of the United States Code provides in pertinent part, that:

> *No court shall have jurisdiction* over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing ... *unless* ... *the person*

*bringing the action is an original source of the information.*

(emphasis supplied). Plaintiffs were not the original source of information even though they were construction workers who observed some of the events that occurred during the building of the Shoreham Nuclear Power Plant. The case for the plaintiff was built on thousands of documents and the testimony of other witnesses.

The rule of prior knowledge need not always be applied with rigidity. There may, for example, be instances where prior knowledge was not assimilated at government decision making levels and bureaucrats, by design or through bungling, were allowing cheats to escape government recoupment. *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 545, 63 S.Ct. 379, 384, 87 L.Ed. 443 (1942) (permitting action "even if ... petitioner has contributed nothing to the discovery of" the underlying crime because of government's failure to fully recover the defrauded sums); *Safir v. Blackwell,* 579 F.2d 742, 747 (2d Cir.1978), *cert. denied,* 441 U.S. 943, 99 S.Ct. 2160, 60 L.Ed.2d 1044 (1979) ("case may arise where literalism of *Aster* would be ... offensive.").

This is not a case warranting departure from the strict jurisdictional rule. Here the qui tam action accomplished naught. The United States will receive an aliquot share of the settlement in the parallel case of *Suffolk County v. Long Island Lighting Co.* because it will be, and should be, treated equally with all other ratepayers. The qui tam plaintiffs did nothing to accomplish this obviously fair result. They came into the case on a copied complaint and the legal coattails of Suffolk County and the class representatives. No reason of law or equity requires the huge reward they seek, particularly since paying them a large part of the government's share of reduced electric rates would cause the United States to pay more for electricity than other LILCO customers.

The qui tam complaint is dismissed with prejudice and on the merits. This consti-

tutes the final judgment of the court. No fees or disbursements are allowed.

So ordered.