**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4605**

---

UNITED STATES OF AMERICA,

Plaintiff – Appellant,

v.

CASSITY DANIELLE JONES,

Defendant – Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cr-00207-MOC-DCK-1)

---

Argued:  December 9, 2022                                     Decided:  February 21, 2023

---

Before AGEE, DIAZ and HARRIS, Circuit Judges.

---

Affirmed by published opinion.  Judge Agee wrote the opinion, in which Judge Diaz and Judge Harris joined.

---

**ARGUED:**  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellant.  Joshua B. Carpenter, FEDERAL PUBLIC DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellee.  **ON BRIEF:**  Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellant.  John G. Baker, Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellee.

AGEE, Circuit Judge:

The safety valve provision found in the First Step Act allows a district court to impose a sentence without regard to a mandatory minimum if certain criteria are met. Relevant here, the court must find that the defendant "does not have . . . more than 4 criminal history points, . . . a prior 3-point offense, . . . *and* a prior 2-point violent offense" (the "criminal history characteristics"). 18 U.S.C. § 3553(f)(1) (emphasis added). Cassity Jones has more than four criminal history points but does not have a prior three-point offense or two-point violent offense. The district court concluded that a defendant must have all three criminal history characteristics to be ineligible for relief and applied the safety valve in sentencing Jones. The sole issue on appeal is whether the word "and" in § 3553(f)(1) connecting the criminal history characteristics applies conjunctively or disjunctively. We conclude that "and" is conjunctive and affirm the district court's decision.


I.

In October 2020, Jones pled guilty to possession with intent to distribute fifty or more grams of methamphetamine in violation of 21 U.S.C. § 841. The offense carried a ten-year mandatory minimum sentence of imprisonment. At sentencing, Jones argued that she was eligible for relief from that mandatory minimum under the First Step Act's safety valve provision.

In relevant part, that statute provides that a sentencing court may impose a sentence without regard to the applicable mandatory minimum if it finds that:

2

(1) the defendant does not have—

> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

> (B) a prior 3-point offense, as determined under the sentencing guidelines; *and*

> (C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1) (emphasis added).

Jones acknowledged that she had more than four criminal history points—failing subsection (A) of § 3553(f)(1)—but argued that because she did not also have a prior three-point offense or a prior two-point violent offense, she was still eligible for safety valve relief. According to Jones, only defendants who had *all* of the listed criminal history characteristics were ineligible for safety valve relief. The Government disagreed, asserting that having any one of the characteristics disqualified a defendant from utilizing the safety valve. The district court adopted Jones' interpretation, applied the safety valve, and sentenced her to 100 months' imprisonment.[1]

The Government noted a timely appeal. We have jurisdiction under 28 U.S.C. § 1291.

---

[1] Jones' original sentencing guideline range was 140 to 175 months in prison. With the application of the safety valve and a further downward variance in consideration of Jones' assistance, Jones' new range was 100 to 125 months.

3

## II.

The Court reviews questions of statutory interpretation de novo. *United States v. Wood*, 378 F.3d 342, 351 (4th Cir. 2004).

## III.

The sole issue before the Court is whether a defendant is eligible for safety valve relief if she has fewer than all of § 3553(f)(1)'s listed criminal history characteristics. Jones argues that because the "and" in § 3553(f)(1) is purely conjunctive, a defendant must have all three characteristics to be disqualified. Although the Government ostensibly agrees that "and" is conjunctive, it asserts that having any one of the criminal history characteristics renders a defendant ineligible for relief. As will be discussed, the Government's argument is nothing more than an exaggerated way of saying "and" means "or," an interpretation we must reject.

Our discussion proceeds in two parts. We first explain why Jones' interpretation of § 3553(f)(1) is correct and then why the Government's interpretation is incorrect. As many of our sister circuits have recently grappled with this issue, we analyze much of their reasoning throughout our decision.[2]

---

[2] The circuits are split on this issue. *Compare United States v. Garcon*, 54 F.4th 1274 (11th Cir. 2022) (en banc) (concluding that only a defendant with all three criminal history characteristics is ineligible under § 3553(f)(1)), *and United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021) (same), *with United States v. Palomares*, 52 F.4th 640 (5th Cir. 2022) (concluding that having any one of the criminal history characteristics renders a defendant ineligible under § 3553(f)(1)), *United States v. Pace*, 48 F.4th 741 (7th Cir. 2022) (same), *United States v. Pulsifer*, 39 F.4th 1018 (8th Cir. 2022) (same), *and United* (Continued)

A.

1.

Turning first to the text of § 3553(f)(1), we consider "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute." *Ignacio v. United States*, 674 F.3d 252, 254 (4th Cir. 2012) (citation omitted). We make this determination "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* (citation omitted).

We conclude that § 3553(f)(1)'s plain language is unambiguous. The statute provides that a defendant is eligible for safety valve relief so long as she does not have three criminal history characteristics joined by the word "and," which means "along with or together with." *Webster's New International Dictionary* 80 (3d ed. 1961). "For the past fifty years, dictionaries and statutory-construction treatises have instructed that when the term 'and' joins a list of conditions, it requires not one or the other, but *all* of the conditions." *United States v. Lopez*, 998 F.3d 431, 436 (9th Cir. 2021).

The meaning of "and" does not change simply because it is preceded by a negative marker. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 119 (2012) ("After a negative, the conjunctive *and* is still conjunctive."). When a conjunctive list is used to explain a prohibition, "the listed things are individually permitted but cumulatively prohibited." *Id.* For example, if someone says, "Don't drink and drive,"

---

*States v. Haynes*, 55 F.4th 1075 (6th Cir. 2022) (same). We find the Eleventh and Ninth Circuits' decisions convincing and join those circuits.

she doesn't mean that you shouldn't drink *and* that you shouldn't drive, but only that you shouldn't do both at the same time.

The same logic applies to a conjunctive negative proof such as § 3553(f)(1).[3] If a statute states that "[t]o be eligible, you must prove that you have not A, B, *and* C," a person can do one (or even two) of the listed items and not transgress the prohibition. *Id.* at 120 (emphasis added). Only by doing all three things is a person rendered ineligible. *See id.* ("With the conjunctive negative proof, you must prove that you did not do all three."). On the other hand, if a statute states that "[t]o be eligible, you must prove that you have not A, B, *or* C," a person "must have done none" of the listed things. *Id.* (emphasis added).

Applying these straightforward principles to § 3553(f)(1), we conclude that a defendant is ineligible for safety valve relief only if she has all three criminal history characteristics. That is, a defendant must not have the combination of (A) more than four criminal history points, (B) a three-point offense, and (C) a two-point violent offense. This conclusion follows directly from § 3553(f)(1)'s plain and unambiguous language. If Congress wanted any one of the criminal history characteristics to disqualify a defendant, it would have used the word "or," which it clearly knows how and when to do as reflected elsewhere in § 3553(f). *See infra* pp. 7–9. Because Congress instead chose to join the listed characteristics with "and," we must conclude that a defendant is ineligible for safety valve relief under § 3553(f)(1) only if she has all three criminal history characteristics.

---

[3] A conjunctive negative proof is a test that lists requirements connected by a conjunctive—such as "and"—and preceded by a negative marker—such as "have not," "does not have," or "cannot." *See* Scalia & Garner, *supra*, at 120.

6

When the words of the statute are clear, as is the case with § 3553(f)(1), our "judicial inquiry is complete." *Crespo v. Holder*, 631 F.3d 130, 136 (4th Cir. 2011) (citation omitted); *see also Ignacio*, 674 F.3d at 254 ("[O]ur inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." (citation omitted)). We must instead presume that Congress "says in a statute what it means and means in a statute what it says." *Stone v. Instrumentation Lab'y Co.*, 591 F.3d 239, 243 (4th Cir. 2009) (citation omitted). Accordingly, there is nothing left for the Court to consider.

Nonetheless, because the Government and some courts which have considered this issue rely on certain tools of statutory interpretation to reach a different conclusion, we address several of those arguments below.

## 2.

In so doing, we first note that Jones' interpretation is confirmed by the presumption of consistent usage, which provides that "[i]dentical words used in different parts of the same statute are generally presumed to have the same meaning." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005). The words "and" and "or" are used throughout § 3553(f), which states in full:

> [T]he court shall impose a sentence pursuant to [the sentencing] guidelines . . . without regard to any statutory minimum sentence, if the court finds at sentencing, . . . that—
>
> (1) the defendant does not have—
>
> > (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

7

(B) a prior 3-point offense, as determined under the sentencing guidelines; and

(C) a prior 2-point violent offense, as determined under the sentencing guidelines;

(2) the defendant did not use violence *or* credible threats of violence *or* possess a firearm or other dangerous weapon (*or* induce another participant to do so) in connection with the offense;

(3) the offense did not result in death *or* serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, *or* supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; *and*

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct *or* of a common scheme *or* plan, but the fact that the defendant has no relevant *or* useful other information to provide *or* that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f) (emphases added).

It is undisputed that the "and" at the end of § 3553(f)(4) joining the five subparts together is conjunctive. Accordingly, the sentencing court must find that the defendant satisfies § 3553(f)(1) through (f)(5) to apply the safety valve. It is also beyond dispute that Congress used "or" throughout the statute as a disjunctive term. To adopt the Government's interpretation that "and" really means "or" in § 3553(f)(1), "we would have to believe that Congress meant to invoke the plain meaning of these words every time *except* in [§ 3553](f)(1)." *United States v. Palomares*, 52 F.4th 640, 657 (5th Cir. 2022) (Willett, J., dissenting). The presumption of consistent usage proscribes such a result and instructs a

court to assign the word "and" in § 3553(f)(1) the same meaning as consistently used elsewhere in the statute.

Further, the presumption of consistent usage also provides that "a material variation in terms suggests a variation in meaning." Scalia & Garner, *supra*, at 170. This aspect of the canon is relevant in applying the safety valve because under § 3553(f)(2) the court must find that "the defendant did not use violence *or* credible threats of violence *or* possess a firearm *or* other dangerous weapon (*or* induce another participant to do so) in connection with the offense." 18 U.S.C. § 3553(f)(2) (emphases added). A finding of any one of these conditions disqualifies the defendant. In so much as § 3553(f)(2) employs a negative—the defendant *did not* use—followed by the disjunctive "or" to convey that the satisfaction of a single listed condition is disqualifying, when § 3553(f)(1) employs a negative followed by the conjunctive "and," we presume a different meaning—that only satisfaction of all conditions is disqualifying.

We are therefore convinced that § 3553(f)(1) uses "and" as a conjunctive, thereby requiring the district court to find that a defendant has all three listed criminal history characteristics before determining that the defendant is disqualified from safety valve application. Because Jones does not have a prior three-point offense or two-point violent offense, she is eligible for safety valve relief and the district court appropriately sentenced her without regard to the otherwise applicable mandatory minimum.

B.

The Government nonetheless contends that our reading of § 3553(f)(1) is incorrect. It first suggests that, although "and" is conjunctive, the em-dash preceding the criminal

9

history characteristics distributes the phrase "does not have" to each of the characteristics, meaning a defendant must not have any one of the characteristics to be eligible for safety valve relief. The Government then argues that Jones' interpretation results in both surplusage and absurdity. We disagree on all points.

1.

The Government says that it agrees that "and" is used conjunctively in § 3553(f)(1), but because "Congress placed an em-dash after the prefatory phrase ['does not have'], introduced each requirement with an enumerating letter (A, B, C), and separated the requirements with semicolons," the phrase "does not have" modifies each of the criminal history requirements. Opening Br. 16. Essentially, the Government contends that § 3553(f)(1) requires the sentencing court to find that the defendant *does not have* more than four criminal history points, *does not have* a prior three-point offense, and *does not have* a prior two-point violent offense. We decline the Government's invitation to inject absent words into § 3553(f)(1) and reject that interpretation. Again, it is really no more than an elaborate way of saying that "and" means "or."

Notably, the Government does not point to any Fourth Circuit precedent that employs its "far-fetched and quixotic em-dash theory." *Lopez*, 998 F.3d at 441 n.11; *see also Palomares*, 52 F.4th at 654 (Willett, J., dissenting) ("Style guides, dictionaries, books on grammar, and the like are silent on whether putting an em-dash after [a] negative phrase changes its meaning."). Instead, the Government relies on examples of negative lists to support its argument. One such example is:

You must not—

10

       (A) lie;
       (B) cheat; and
       (c) steal.

Opening Br. 18.

The Government suggests that this structure signals that the prefatory phrase "must not" modifies—or in its language is "distributed" to—each item individually, meaning that a person must not do any of the listed actions. To be sure, a reader might understand the sentence to prohibit any one of the three actions. "But that understanding has little to do with syntax and everything to do with our common understanding that" it is immoral to lie, cheat, or steal. *United States v. Garcon*, 54 F.4th 1274, 1280 (11th Cir. 2022) (en banc) (citation omitted). "Indeed, it is no coincidence that the more common wording of the prohibition uses an 'or' instead of an 'and': 'You must not lie, cheat, *or* steal.'" *Id.* (citations omitted). It is therefore reasonable for a reader to assume that "and" "was inserted inartfully in place of the more natural 'or.'" *Id.* The reader does not come to this understanding, however, due to the placement of an em-dash.

If Congress wanted the Government's suggested outcome, it would have used "or" instead of relying on an ill-defined em-dash to alter the meaning of "and." Further, the Government offers no proof except its own speculation that Congress was embracing its em-dash theory for this subsection—and only this subsection—of the statute. We therefore reject the Government's argument. *See id.* ("We decline to adopt that novel reading when it appears to have been crafted by the government specifically for this statute to achieve its preferred outcome.").

11

2.

The Government—and most courts that have adopted its interpretation—posit that accepting Jones' interpretation renders part of § 3553(f)(1) superfluous and therefore is contrary to accepted principles of statutory interpretation. *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." (cleaned up)). The argument is that a defendant who has both a prior three-point offense and a prior two-point violent offense necessarily has more than four criminal history points, rendering subsection (A) superfluous. If, on the other hand, the presence of any one of the criminal history characteristics disqualifies the defendant, each listed characteristic has purpose, making the disjunctive interpretation the better one.

Again, we disagree. Subsection (A) is not superfluous under Jones' interpretation and, even if it was, the presumption against superfluity would not be reason to rewrite an unambiguous statute.

Notably, in determining that subsection (A) is not superfluous, we decline to adopt the Ninth Circuit's reasoning in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021). The *Lopez* court concluded that although subsection (C) states that a defendant cannot have "a prior 2-point violent offense," it should be read as proscribing a defendant from having *at least* a prior two-point violent offense. *See id.* at 440. Under this reading, a defendant who has a single three-point violent offense satisfies both subsections (B) and (C)—because she has both *at least* a two-point violent offense and a three-point offense—but does not satisfy

12

subsection (A) because she does not have more than four criminal history points, thereby giving subsection (A) purpose.

We reject this postulate because it requires the Court to add words to the statute. As Judge Smith put it, "[t]wo points is two points. Two points is not three points. An interpretative canon, such as the rule against surplusage, 'is not a license for the judiciary to rewrite language enacted by the legislature.'" *Id.* at 445 (Smith, J., concurring); *see also United States v. Graham*, 608 F.3d 164, 176 (4th Cir. 2010) ("In the face of the unambiguous words of the statute, we cannot construe [the statute] to add language that Congress omitted.").

Instead, we conclude that subsection (A) has purpose without altering its plain language. As the Eleventh Circuit aptly explained in *United States v. Garcon*:

> [A] circumstance in which a defendant could have two- and three-point offenses but fewer than five criminal history points occurs when the two- and three-point offenses are treated as a single sentence. The guidelines treat separate offenses as a single sentence for criminal-history purposes when the sentences result from offenses charged in the same instrument or when they were imposed on the same day. U.S.S.G. § 4A1.2(a)(2). When separate offenses are counted as a single sentence, the district court calculates the term of imprisonment based on the longest sentence if the sentences were imposed concurrently or the total of both sentences if they were imposed consecutively. *Id.* So, for example, a defendant could have a two-point and a three-point offense charged in the same instrument, satisfying subsections (B) and (C), but score only three criminal history points and fall below the threshold in subsection (A).

13

*Garcon*, 54 F.4th at 1282.[4] Accordingly, subsection (A) is not superfluous under Jones'

interpretation, and the Government is incorrect in suggesting otherwise.

Moreover, even if Jones' interpretation rendered subsection (A) superfluous, it

would not be a sufficient reason to ignore § 3553(f)(1)'s plain text. *See United States v.*

*Atl. Rsch. Corp.*, 551 U.S. 128, 137 (2007) ("[O]ur hesitancy to construe statutes to render

language superfluous does not require us to avoid surplusage at all costs."). Because, as we

have discussed, § 3553(f)(1)'s language is unambiguous, our "judicial inquiry is

complete." *Crespo*, 631 F.3d at 136. "If Congress wishes to avoid surplusage in

§ 3553(f)(1), it has power pursuant to Article I of the Constitution to enact legislation to

---

[4] The Eleventh Circuit also identified another plausible circumstance in which a defendant may have a three-point offense and a two-point violent offense but fewer than five criminal history points:

> Under the sentencing guidelines, a two-point offense adds no points to the defendant's criminal-history score if the sentence was imposed more than 10 years before the defendant commenced the present offense. UNITED STATES SENTENCING GUIDELINES MANUAL § 4A1.1(b) & cmt. n.2 (Nov. 2018). Similarly, a three-point offense does not contribute to the criminal-history score if the defendant finished serving the sentence more than 15 years before commencing the present offense. *Id.* § 4A1.1(a) & cmt. n.1. So, for example, a defendant could have 20-year-old two-point and three-point offenses, satisfying subsections (B) and (C), but score zero criminal history points and fall below the threshold in subsection (A). *See Palomares*, 52 F.4th at 659 (Willett, J., dissenting).

*Garcon*, 54 F.4th at 1281–82. "At a minimum, this shows that it is not accurate to assume that any defendant who satisfies (B) and (C) would *automatically* have more than four criminal history points." *United States v. Pace*, 48 F.4th 741, 764 (7th Cir. 2022) (Wood, J., dissenting); *see also Palomares*, 52 F.4th at 658 (Willett, J., dissenting) (stating that courts favor "tolerating non-obvious surplusage" over "ignoring rudimentary grammar").

14

that effect." *Lopez*, 998 F.3d at 446–47 (Smith, J., concurring). We cannot amend § 3553(f)(1) for Congress; "[w]e can only carry out its will in applying the plain language of the statute as enacted." *Id.* at 447. Thus, our reluctance to interpret statutory provisions so as to render its subsections superfluous does not support adopting the Government's interpretation.

3.

The Government next asserts that the canon against absurdity prevents the Court from adopting Jones' interpretation. This canon provides that statutes "are to be given a sensible construction"—interpretations that would lead to absurd consequences "should be avoided whenever a reasonable application can be given consistent with the legislative purpose." *United States v. Rippetoe*, 178 F.2d 735, 737 (4th Cir. 1949). Absurdity exists "when literal application of the statutory language at issue results in an outcome that can truly be characterized as absurd, i.e., that is so gross as to shock the general moral or common sense." *In re Sunterra Corp.*, 361 F.3d 257, 265 (4th Cir. 2004) (citation omitted). The Government argues that Jones' interpretation results in an absurdity because only defendants with a rare constellation of all three listed criminal history characteristics would be excluded from the safety valve's application, while a defendant who has been convicted of "a lifetime of serious drug convictions" but no two-point violent offenses would be eligible for relief from a mandatory minimum. Opening Br. 21. We disagree once again.

Jones' interpretation does not produce absurd results. The Government fails to recognize that meeting the requirements of § 3553(f)(1) does not guarantee a defendant safety valve relief. The safety valve statute contains four other independent and separate

15

requirements necessary to be eligible to obtain relief. For example, the defendant cannot have "use[d] violence or credible threats of violence or posses[ed] a firearm or other dangerous weapon" in connection with her instant offense. 18 U.S.C. § 3553(f)(2). Similarly, the instant offense cannot have resulted in death or serious bodily injury, and the defendant cannot have been an "organizer, leader, manager, or supervisor of others in the offense." *Id.* § 3553(f)(3)–(4). A defendant's satisfaction of § 3553(f)(1) is unrelated to the satisfaction of these other requirements.

Moreover, even if the defendant meets all the statutory requirements, application of the safety valve is left to the sentencing judge's discretion. Stated differently, that a defendant with a lifetime of serious drug offenses is eligible under § 3553(f)(1) does not mean she will obtain safety valve relief. "[A] judge who has discretion to impose a shorter sentence, based on the safety-valve provision, may reasonably choose not to exercise that discretion if consideration of the defendant's history counsels against it." *Garcon*, 54 F.4th at 1284. Thus, Jones' interpretation does not produce results that shock the moral or common sense.

Further, these purportedly "absurd" results might be what Congress intended. "Congress could rationally have questioned the wisdom of mandatory minimum sentencing, which, it is often said, fails to account for the unique circumstances of offenders who warrant a lesser penalty." *Id.* at 1283 (cleaned up). Congress may have wanted to deem ineligible only "violent recidivists with a history of committing serious crimes." *Id.* To that end, subsection (A) targets serious recidivists—those with more than one prior sentence excluding one-point offenses; subsection (B) targets defendants who committed serious

16

crimes with long sentences; and subsection (C) targets defendants with a history of violence, even if they received shorter sentences. Taken together, only the most dangerous offenders are ineligible for relief, and it is not unreasonable to believe that Congress "decided to allow many defendants to be sentenced based on their 'unique circumstances' while retaining mandatory minimums for those defendants it perceived to be particularly unworthy of relief." *Id.* (citation omitted); *see also id.* at 1284 ("The First Step Act was enacted to decrease the number of criminal defendants subject to mandatory minimum sentences." (citation omitted)).

Ultimately, whether or not this is a prudent policy choice is not for the judiciary to decide: that determination lies solely with the legislative branch. And "[t]he [G]overnment's request that we rewrite § 3553(f)(1)'s 'and' into an 'or' based on the absurdity canon is simply a request for a swap of policy preferences." *Lopez*, 998 F.3d at 440. We cannot "rewrite Congress's clear and unambiguous text" simply because the Government believes it is better policy for the safety valve to apply to fewer defendants. *Id.* "The remedy for any dissatisfaction with the results in particular cases lies with Congress and not with this Court." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 576 (1982); *see also id.* ("Congress may amend the statute; we may not." (citations omitted)).[5]

---

[5] The Government additionally argues that legislative history supports its interpretation. However, legislative history is only relevant to shed light on ambiguous terms. Because § 3553(f)(1) is unambiguous, there is no reason to consult that history. *See In re Moore*, 907 F.2d 1476, 1478–79 (4th Cir. 1990) ("Legislative history is irrelevant to the interpretation of an unambiguous statute." (citation omitted)).

Accordingly, we are persuaded that the plain text of § 3553(f)(1) requires a sentencing court to find that a defendant has all three of the listed criminal history characteristics before excluding a defendant from safety valve eligibility.


IV.

Because the district court correctly concluded that "and" means what it says in § 3553(f)(1), Jones' sentence is

*AFFIRMED.*

18