**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4415**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARIUS DEANDRE FROST,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, District Judge. (7:21-cr-00039-FL-1)

───────────────

Submitted: August 21, 2024                Decided: September 6, 2024

───────────────

Before WILKINSON and GREGORY, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Deandre Frost pled guilty without a plea agreement to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846; two counts of distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); and one count each of possession with intent to distribute quantities of cocaine base and quantities of cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and was sentenced to an aggregate 188-month term of imprisonment. Frost argues that the district court abused its discretion when it denied his request for a downward variant sentence, based primarily on his eligibility for a safety valve reduction under *United States v. Jones*, 60 F.4th 230 (4th Cir. 2023), and in light of his criminal history, which he asserts was overrepresented. Finding no error, we affirm.

We generally review a sentence for "reasonableness" by applying the "deferential abuse-of-discretion standard." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). In doing so, "[o]ur inquiry proceeds in two steps." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted).

2

"Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive reasonableness by considering the totality of the circumstances." *Id.* (internal quotation marks omitted). In considering the substantive reasonableness of a sentence, this court "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) (internal quotation marks omitted). A defendant can only rebut that presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).

We discern no reversible error here. Frost makes no assertion that his 188-month sentence was tainted by procedural flaws, such as errors in calculating his Guidelines range, erroneously treating the Guidelines as mandatory, failing to properly consider the § 3553(a) factors, predicating the sentence on clearly erroneous facts, or failing to adequately explain the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Instead, Frost primarily asserts that the district court imposed a substantively unreasonable sentence when it refused to vary downward based on Frost's eligibility for the safety valve reduction and his allegedly overrepresented criminal history. As support, Frost points to U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(b)(18), which instructs a district court to reduce a

3

defendant's offense level two levels if the defendant meets the Guidelines' safety valve criteria.

However, Frost does not argue that the district court ignored or misunderstood his arguments for a lesser sentence, or that the court erroneously believed it was constrained from imposing a variant sentence. In essence, Frost's arguments amount to little more than his disagreement with the district court's rejection of Frost's attempts to minimize his criminal history, which is insufficient to overcome the presumption we afford the imposed within-Guidelines sentence. *See United States v. Evans*, 526 F.3d 155, 162 (4th Cir. 2008) (recognizing that deference to a district court's sentence "is required because the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case" (cleaned up)).

Moreover, just prior to Frost's sentencing, this court decided *Jones*, holding that 18 U.S.C. "§ 3553(f)(1) uses 'and' as a conjunctive," 60 F.4th at 235, which requires that "a defendant is ineligible for safety valve relief only if she has all three criminal history characteristics. That is, a defendant must not have the combination of (A) more than four criminal history points, (B) a three-point offense, and (C) a two-point violent offense," *id.* at 234. The court also explained that "even if the defendant meets all the statutory requirements, application of the safety valve is left to the sentencing judge's discretion." *Id.* at 239. Accordingly, this court confirmed that "a judge who has discretion to impose a shorter sentence, based on the safety-valve provision, may reasonably choose not to exercise that discretion if consideration of the defendant's history counsels against it." *Id.*

4

(cleaned up).  We find that the district court here was fully aware of our decision in *Jones* and exercised its discretion not to apply the safety valve reduction in this case.[*]

And since the imposed 188-month sentence, which is at the bottom of Frost's correctly calculated Guidelines range is presumed substantively reasonable by this court, *Gillespie*, 27 F.4th at 945, we conclude that Frost's failure to raise a meaningful challenge to the chosen sentence in light of the § 3553(a) factors requires affirmance of the imposed sentence, *see United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008) ("As with any sentence, . . . we must give due deference to the district court's decision and . . . must affirm . . . [the] sentence unless we find the district court abused its discretion." (internal quotation marks omitted)).

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We observe that the Supreme Court has since vacated our decision in *Jones* and remanded to this court for further consideration in light of *Pulsifer v. United States*, 601 U.S. 124, 132 (2024) ("A defendant is eligible for safety-valve relief under Paragraph (f)(1) only if he does not have all three of the items listed—or said more specifically, does not have four criminal-history points, does not have a prior three-point offense, and does not have a prior two-point violent offense." (internal quotation marks omitted)). *See United States v. Jones*, 144 S. Ct. 1091 (2024).  Thus, regardless of whether the district court properly exercised its discretion in refusing to impose a downward variant sentence based on the safety valve provision, Frost—who has three prior three-point convictions—is ineligible for safety valve relief.